IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

OLEVIA CHAMBERS                                                                                      PLAINTIFF

vs.                                                                                          No. 4:04CV363-D-B

ADVANCED ENERGY SYSTEMS; et al.                                                       DEFENDANTS

OPINION GRANTING MOTION TO REMAND

Presently before the court is the Plaintiff's motion to remand this cause to the Circuit Court of Washington County, Mississippi. Upon due consideration, the court finds that the motion should be granted and this cause remanded to state court for ultimate resolution.

*A. Factual Background*

The Plaintiff filed suit in the Circuit Court of Washington County, Mississippi, asserting state law claims against the defendants relating to a home improvement loan transaction between the parties. The Defendants subsequently removed the action to this court, on the basis of bankruptcy removal jurisdiction as set forth in 28 U.S.C. §1334. The Plaintiff has now motioned the court to remand this matter to state court.

*B. Standard for Remand*

The Defendants' Notice of Removal asserts that this case is removable pursuant to 28 U.S.C. §1334(b), which provides:

> Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. §1334(b).

In construing the scope of 28 U.S.C. §1334(b), the Fifth Circuit has made clear that federal

district courts have original jurisdiction of claims that are at least "related to" a bankruptcy case; further, a party may remove such claims from state court to federal court. In re Wood, 825 F.2d 90, 93 (5th Cir. 1987); 28 U.S.C. §1452. A proceeding is related to a bankruptcy if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. Wood, 825 F.2d at 93; In re Walker, 51 F.3d 562, 569 (5th Cir. 1995). More specifically, a proceeding is deemed to be related to a bankruptcy if the proceeding's outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively), and in any way impact upon the handling and administration of the bankruptcy estate. Walker, 51 F.3d at 569.

For federal jurisdiction to attach under Section 1334(b), therefore, the anticipated outcome of the action must both: (1) alter the rights, obligations, and choices of action of the debtor, and (2) have an effect on the administration of the estate. In re Bass, 171 F.3d 1016, 1022 (5th Cir. 1999).

### C. Discussion

The Defendants assert that their removal of this cause is proper because the Plaintiff's claims are related to the former Defendant Gardner McDaniel's Chapter 7 bankruptcy case that was filed on May 7, 2003, in the Northern District of Mississippi and that was reopened on October 28, 2004, after having been discharged.

The record indicates that McDaniel was dismissed as a party from this action on April 5, 2005. Because McDaniel is no longer a party to this action, the court finds that there is no Section 1334(b) jurisdiction. No bankruptcy case exists to which the present case might now be said to relate. See, e.g., Hignite v. American Gen. Life & Accident Ins. Co., 142 F. Supp. 2d 785, 788-89 (N.D. Miss. 2001); Rand v. Empire Funding Corp., 132 F. Supp. 2d 497, 501 (S.D. Miss. 2000); Blakeley v. United Cable Sys., 105 F. Supp. 2d 574, 580-81 (S.D. Miss. 2000). In other words, there

is currently no estate being administered in bankruptcy to which the instant case relates, as is required for "related to" jurisdiction to attach. Wood, 825 F.2d at 93; Rand, 132 F. Supp. 2d at 501. McDaniel is no longer a party to this action; thus, the outcome of this action will not alter McDaniel's rights, obligations, and choices of action, nor will it have any effect on the administration of McDaniel's bankruptcy estate. Therefore, the court finds no basis for federal jurisdiction pursuant to 28 U.S.C. § 1334(b).

Accordingly, the court holds that the Defendants' asserted basis for removal is insufficient, and the court therefore hereby remands this cause to state court for ultimate resolution.

A separate order in accordance with this opinion shall issue this day.

This the 16th day of May 2005.

/s/ Glen H. Davidson
Chief Judge